Citation Nr: 1736711 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-07 835 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a right knee disability.

2. Whether new and material evidence was received in order to reopen this issue of whether the Veteran's character of discharge for his June 1981 to October 1982 period of service constitutes a bar to payment of VA compensation benefits. 


REPRESENTATION

The Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his father


ATTORNEY FOR THE BOARD

M. Galante, Associate Counsel


INTRODUCTION

The Veteran had honorable active service from December 1978 to April 1980 with the Air Force. From June 1981 to October 1982, the Veteran had service with the Army, which has been determined to be not honorable for VA purposes. 38 C.F.R. § 3.14(b) (2016); see also October 1983 administrative decision. From March 1983 to October 1983, the Veteran had service with the Navy, with his discharge being entry level separation. From April 1986 to March 1987, the Veteran alleges he had active service in the Army utilizing the following alias: J.D.N., with a date of birth in September 1962, and a different social security number.

This appeal comes to the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision issued by the United States Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In a November 2014 Board decision, the right knee service connection claim was held in abeyance pending the adjudication and outcome of an informal claim to reopen the previous character of discharge determination. The matter has now returned to the Board for appellate disposition. 

In June 2014, the Veteran provided testimony before the undersigned Veterans Law Judge via videoconference. A transcript of the hearing has been associated with the claims file. 

After the most recent Supplemental Statement of the Case, the Veteran requested a second hearing. See January 2017 Report of General Information. The Board respectfully declines this request. As noted above, the Veteran has already had a Board hearing on the service connection claim presently before the Board. Other than situations in which hearings have already been conducted before more than one Veterans Law Judge, there is nothing in the statutory framework or regulatory provisions or CAVC case law relating to hearings that requires more than one hearing before the Board in connection with a claim. See 38 C.F.R. §§ 3.103(c), 20.700-20.717 (2016); see also 38 U.S.C. § 7107 ("Appeals: dockets; hearings") (West 2014). All of the relevant regulatory provisions clearly and plainly discuss the right to have a hearing. See, e.g., 38 C.F.R. §§ 3.3103(c), 20.700, 20.702, 20.703, 20.1304 (2016). Therefore, the Veteran is not entitled to more than one Board hearing as a matter of right, unless specific exceptions apply, which are not shown here. For example, if a Board decision has been appealed to the United States Court of Appeals for Veterans Claims (CAVC) and is then returned to VA from the CAVC, another hearing could be requested at that time. See Cook v. Snyder, 28 Vet. App. 330 (2017). A second hearing could also be requested if the Veterans Law Judge that conducted the first hearing was no longer available to decide the case. See 38 U.S.C.A. § 7102(a) (West 2014); 38 C.F.R. § 19.3(b) (2016). Neither of those scenarios are implicated here.

Regarding the Veteran's claim to reopen his character of discharge determination, this issue has never been adjudicated by the RO in the first instance. Upon the issuance of a rating decision adjudicating this claim, the Veteran will be afforded his legal right to file a notice of disagreement, should he deem it appropriate to do so, and appellate proceedings will proceed in a typical fashion. Thus, the Veteran's current request for a second hearing in regards to this claim is premature and cannot be granted. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required. 


REMAND

The Board regrets that an additional remand is required to cure the following deficiencies:

1. The RO did not adjudicate the Veteran's informal claim to reopen his character of discharge determination for his June 1981 to October 1982 period of service with the Army. 

In a November 2014 decision, the Board placed the Veteran's right knee service connection claim in abeyance pending the outcome of a remand to develop an informal claim to reopen the determination as to the character of discharge for his June 1981 to October 1982 period of service with the Army. Additionally, the RO was instructed to clarify the Veteran's service with the Navy, and if appropriate, obtain service personnel and treatment records from this period of service. Thereafter, the RO was requested to adjudicate the claim regarding character of discharge, and then readjudicate the Veteran's right knee service connection claim. 

While the RO promptly developed the Veteran's claim reopening his character of discharge and associated all of the Veteran's known outstanding service records to the claims file, the RO did not adjudicate the claim to reopen the character of discharge determination, as required by the Board. As the RO did not comply with the Board's directive, a remand is required. Stegall v. West, 11 Vet. App. 268, 270-71 (1998).

Moreover, the RO has never considered the additional periods of service from March 1983 to October 1983 with the Navy, and from April 1986 to March 1987 with the Army utilizing an alias of J.D.N., and whether the Veteran is eligible for benefits based on those periods of service.

2. During the last remand, the RO ordered a VA examination, but failed to afford the Veteran appropriate notice.

Service treatment records document that the Veteran experienced a right knee injury in July 1979 and January 1980, during his honorable service with the Air Force. These injuries are separate and distinct from the 1981 right knee injury that the Veteran sustained during his voided military service with the Army, upon which he has based his service connection claim. See June 2014 testimony; see also June 2010 Statement in Support of Claim. 
In September 2016, the RO elected to send the Veteran to a VA examination to assess whether the claimed right knee disability was etiologically related to the July 1979 and January 1980 injuries he sustained during his period of honorable service with the Air Force. A November 2016 note in the claims file indicates the Veteran did not appear for his scheduled VA examination. However, review of the RO's VA examination request indicates that notice of the examination was sent to the Veteran using an incorrect address. Accordingly, the Board finds that due process requires a remand for an additional VA examination, with appropriate notice sent to the Veteran utilizing the mailing address associated with his claims file. 

3. Further development is required to obtain complete service records under the Veteran's assumed alias.

In correspondence received in February 2016, the Veteran alleged that he served in the Army from April 1986 to March 1987 utilizing an alias, J.D.N. In support of his claim, he filed an explanatory letter, as well as a copy of the DD form 214 using this name. The Board notes that the record contains incomplete service records for this name. While the Board makes no determination regarding the credibility of the Veteran's allegation, additional development is warranted to obtain all service records under the name of J.D.N. 

In light of the above, the case is REMANDED for the following action:

1. Adjudicate whether new and material evidence has been received in order to reopen a claim of whether the Veteran's character of discharge determination for his June 1981 to October 1982 period of service with the Army remains a bar to payment of VA compensation benefits. A rating decision must be issued to the Veteran and his representative on this issue. 

The rating decision should also address the additional periods of service from March 1983 to October 1983 with the Navy, and from April 1986 to March 1987 with the Army utilizing an alias of J.D.N., and whether VA benefits can be granted based on those service periods.

2. ALSO, obtain all available service personnel and treatment records for J.D.N. and associate these records with the claims file. See VBMS entries dated 6/23/16 and 2/29/16. This should include the hospitalization records from Fort Hood Army Hospital for psychiatric hospitalization in January/February 1987. 

3. THEN, schedule the Veteran for a VA examination to assess the etiology of his claimed right knee disability. The Veteran must be provided appropriate notice of the VA examination, sent to the mailing address associated with the claims file. The examiner is requested to review the claims file, including this REMAND, before completing the examination. 

The VA examiner should opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran's claimed right knee disability began in or is otherwise etiologically related to his honorable military service.

The VA examiner must consider and address the July 1979 and January 1980 right knee injuries documented in the Veteran's Air Force service treatment records. 

The VA examiner is cautioned against considering any right knee injuries incurred during the Veteran's June 1981 to October 1982 Army service, unless the most recent rating decision is favorable to the Veteran and lifts the bar on VA compensation benefits currently in place due to his previous character of discharge determination.

The examiner must provide a complete rationale for any opinion expressed that is based on the examiner's clinical experience, medical expertise, and established medical principles. If an opinion cannot be made without resort to speculation, the examiner must explain why this is so and note what, if any, additional evidence would permit an opinion to be made.

4. THEN, readjudicate the claim of whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a right knee disability, and if so, whether such claim should be granted. If the benefits sought on appeal are not granted, the Veteran and his representative should be provided a Supplemental Statement of the Case and an appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the CAVC for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).